IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| KEITH MARCELLUIS HIGHTOWER, #1556999 | § | |
| VS. | § | CIVIL ACTION NO. 2:13cv203 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OF DISMISSAL

    The above-entitled and numbered petition for writ of habeas corups pursuant to 28 U.S.C. § 2254 was heretofore referred to United States Magistrate Judge Roy S. Payne.  The Report and Recommendation ("R&R") of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration.  Petitioner has filed objections.

    Having made a *de novo* review of the objections raised by Petitioner to the R&R, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit.  Petitioner argues that there is no requirement that a Texas prisoner file a petition for discretionary review on direct appeal to the Texas Court of Criminal Appeals nor that there is a time limit on a petitioner's right to file a state habeas application to that court.  Therefore, he argues, the fact that he did not file a petition for discretionary review should not have an effect on the timeliness of his federal habeas petition to this Court.  Furthermore, he argues, the statute of limitations for federal habeas purposes should not begin until after the Texas Court of Criminal Appeals ruled on his state habeas application, once he filed it about four years after his conviction

became final with affirmation by the Texas Sixth Court of Appeals. He is incorrect. As the Magistrate Judge explained in his Report and Recommendation, the limitations period for federal habeas claims is governed not by the Texas rules for filing state habeas applications, but by 28 U.S.C. § 2244(d), which establishes both the timing and the effect of tolling when state procedures are followed. Under that statute, a state habeas application must be filed within the limitations period after the conviction becomes final in order for tolling to apply. That did not occur in Petitioner's case. Although he alternatively argues that he could not have discovered his instant claim with the pursuit of due diligence within the limitations period. he has produced nothing to prove that contention. Therefore, his objection is overruled.

Having completed a *de novo* review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts same as the findings and conclusions of the Court. It is therefore

**ORDERED** that Petitioner's objections are **OVERRULED** and his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and the case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any motion not previously ruled on is **DENIED**.

**So ORDERED and SIGNED this 2nd day of July, 2013.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE